FILED 1 MAR '23 10:27 USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland _____ DIVISION

Steven Merlo _____

*(Enter full name of plaintiff)*

Plaintiff,

v.

Israel Jacquez _____

Dr. Andrew Barnes Grasley _____

_____

*(Enter full name of ALL defendant(s))*

Defendant(s).

_____

Civil Case No. 3:23-cv-00304-AR _____
(to be assigned by Clerk's Office)

COMPLAINT FOR VIOLATION OF CIVIL
RIGHTS (PRISONER COMPLAINT)

Jury Trial Demanded

[X] Yes          [ ] No

## I. PARTIES

*List your name, address, and telephone number below, and the same information for each defendant. Make sure that the defendant(s) listed below are identical to those contained in the caption of the complaint. Attach additional sheets of paper if necessary.*

**Plaintiff**    Name: **Steven Merlo    Reg. No. 75825-112** _____

Street Address: **FCI Sheridan Camp, P.O. Box 6000** _____

City, State & Zip Code: **Sheridan, Oregon 97378** _____

Telephone No.: **None** _____

Complaint for Violation of Civil Rights (Prisoner Complaint)
[Rev. 01/2018]

1

**Defendant No. 1**     Name: **Israel Jacquez, Warden**

Street Address: **FCI Sheridan , 27072 Ballston Road**

City, State & Zip Code: **Sheridan, Oregon 97378**

Telephone No.: **Unknown**

**Defendant No. 2**     Name: **Dr. Andrew Barnes Grasley**

Street Address: **FCI Sheridan, 27072 Ballston Road**

City, State & Zip Code: **Sheridan, Oregon 97378**

Telephone No.: **Unknown**

**Defendant No. 3**     Name: _____

Street Address: _____

City, State & Zip Code: _____

Telephone No.: _____

**Defendant No. 4**     Name: _____

Street Address: _____

City, State & Zip Code: _____

Telephone No.: _____

## II.  BASIS FOR JURISDICTION

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. You are bringing suit against (*check all that apply*):

[X] Federal officials (a *Bivens* claim)

[ ] State or local officials (a § 1983 claim)

Complaint for Violation of Civil Rights (Prisoner Complaint)
[Rev. 01/2018]

2

B.  What federal constitutional, statutory, or treaty right(s) is/are at issue?

**8th Amendment Violation for Willful Medical Deliberate Indifference**

## III.  STATEMENT OF CLAIMS

### Claim I

*State here as briefly as possible the __facts__ of your case. Describe how each defendant was involved, when the conduct occurred, and any injuries you have suffered as a result. It is not necessary to give any legal arguments or cite any cases or statutes.*

**See attached page 3A**

### Claim II

*State here as briefly as possible the __facts__ of your case. Describe how each defendant was involved, when the conduct occurred, and any injuries you have suffered as a result. It is not necessary to give any legal arguments or cite any cases or statutes.*

Complaint for Violation of Civil Rights (Prisoner Complaint)
[Rev. 01/2018]

3

## CLAIM I GROUNDS

On May 3, 2022, the Plaintiff surrendered to FCI Sheridan Camp to serve a sentence imposed by the United States District Court in South  Carolina (Case No. 3:17-0640-MGL-6).

When the Plaintiff arrived at FCI Sheridan he weighed 382 lbs and was suffering from a host of medical conditions (to be confirmed with the Bureau of Prisons Medical Records that have not been provided to the Plaintiff as of the date of this filing). The Plaintiff was denied treatment and medication from the point of his arrival until he was hospitalized on two occasions (in late 2022 and January 2023). As a result of the denial of treatment, the Plaintiff has suffered extreme pain and the worsening of medical conditions which include, but are not limited to: atrial fibrillation, gout, hypertension, obstructive sleep apnea and congestive heart failure. The exent of the damage beyond pain and suffering will only be determined when the Plaintiff is able to see his doctor in California.

In order to force the Defendants to provide care, the Plaintiff filed a Motion to his sentencing judge (Honorable Mary Geiger Lewis) seeking a modification of his sentence or Emergency Order for Medical Treatment (see attached "A"). Judge Geiger denied the Motion and recommended that the Plaintiff file a 1983 action with the United States District Court in Oregon (see attached "B"). The Plaintiff then filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 seeking Emergency Medical Treatment (see attached "C"). To this point, the 2241 Motion has not been answered by Defendant Jacquez. Attachments "A" and "C" detail the Willful Medical Deliberence of Defendant's Jacquez and Grasley.

After refusing to offer the Plaintiff medication or medical treatment, the Plaintiff was hospitaized on two occasions. The details of those hospitalizations will be available to the Plaintiff when his medical records are provided by the Defendants. Nevertheless, the Plaintiff was returned twice to FCI Sheridan Camp and follow-up treatment ordered by the hospital doctors was explicitly refused by Defendants Jacquez and Barnes. As a result, the Plaintiff continues to suffer.

In a final acknowledgement of the medical conditions that the Plaintiff possesses, the Plaintiff is scheduled to be released to home confinement via the CARES Act on February 28, 2023. The Plaintiff will receive treatment from his primary care physician and intends to ammend this filing with additional medical records and details when the full extent of the damage he has suffered can be determined.

Page 3A

## Claim III

*State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant was involved, when the conduct occurred, and any injuries you have suffered as a result. It is not necessary to give any legal arguments or cite any cases or statutes.*

*(If you have additional claims, describe them on another piece of paper, using the same outline.)*

Complaint for Violation of Civil Rights (Prisoner Complaint)
[Rev. 01/2018]

4

## IV.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

I have filed for administrative relief as to all claims in Section III and have concluded all administrative appeals available to me.

[X] Yes                    [ ] No

## V.  RELIEF

*State briefly exactly what you want the court to do for you and the amount, if any, of monetary compensation you are seeking.  Make no legal arguments.  Cite no cases or statutes.*

$5,000,000

I declare under penalty of perjury that the foregoing is true and correct.

Signed this ___22___ day of ___February___, 20_23_.

_____
(Signature of Plaintiff)

Complaint for Violation of Civil Rights (Prisoner Complaint)                    5
[Rev. 01/2018]

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

United States of America

   Plaintiff,

v.                                                                                    Case No.: 3:17-CR-640

Steven Charles Merlo

   Defendant.

---

## DEFENDANT'S MOTION FOR MODIFICATION OF TERMS OF SENTENCE RELATED TO CONFINEMENT AND EMERGENCY ORDER FOR MEDICAL TREATMENT

---

Now comes Defendant, Steven Charles Merlo, proceeding pro se, Defendant's Motion for Modification of Terms of Sentence Related to Confinement and Emergency Order for Medical Treatment.

### BACKGROUND

In January 2022, this Honorable Court sentenced the Defendant to a term of imprisonment of 37 months for a violation of 21:841 (Distribution of Marijuana). The just and merciful sentence imposed resulted in the Defendant's incarceration at FCI Sheridan Camp (Oregon) on May 3, 2022. Prior to the the Defendant's incarceration, the Defendant was diagnosed with atrial fibrillation, hypertension, hyperlipidemia, obstructive sleep apnea, congestive heart failure and morbid obesity (see attachments "A" and "B"). These conditions were known to the Court at the time of sentencing.

The Defendant has been denied medical treatment by FCI Sheridan Camp's Health Services since his arrival. Over the course of the last three months, the Defendant has accumulated 3 1/2 pages of incidents with Health Services related to complications from his medical conditions. This has translated into 13 episodes, none of which have resulted in treatment. On September 19, 2022, the Defendant was denied access to Health Services while in extreme pain. As a result of his lack of treatment, the Defendant is wheelchair-bound and parked himself in front of the Health services offices. Eventually, he was brought in, but did not receive treatment. On September 21, 2022, the Defendant was eventually seen by Bureau of Prisons cardiologist Dr. Spear who told the Defendant that his heart condition was so severe that "I would definitely approve you for release via the CARES Act". However, this process, according to Sheridan Camp case managers, is taking a minimum of 4 months. The Defendant does not expect that his medical conditions (heart) will wait for CARES Act processing to receive treatment. In the meantime, FCI Sheridan Health Services has made no attempt to arrange for the Defendant to be seen by an outside specialist or get treatment of any kind.

### ISSUES FOR CONSIDERATION AND REQUEST OF THE COURT

The Defendant respects the Court's sentence imposed upon him, but feels that the Court did not intend for him to be denied medical treatment that is his constitutional right. The Defendant's attempts at Bureau of Prisons Administrative Remedies have proven fruitless and continued pursuit while incarcerated at FCI Sheridan would be futile. The Defendant is a non-violent offender, had medical insurance at the time of sentencing and has the ability to continue to take responsibility for his medical care should he be in a position to do so. Therefore, the Defendant respectfully requests this Honorable Court to consider the following remedies to resolve the issue of the neglect of the his medical treatment.

## CONVERSATION OF THE BALANCE OF THE DEFENDANT'S SENTENCE TO HOME CONFINEMENT

The Defendant recognizes that the Court does not have the statutory authority to order that the Defendant's current sentence be modified to home confinement, nor may the Court review BOP's internal confinement decisions. However, courts when faced with similar issues have opted to reduce an Defendant's sentence and increase the Defendant's supervised release. In US. V. Agomuoh (461 F. Supp 3d. 626, 2020 U.S. Dist LEXIS 86562, Case No. 16-20196 E.Dist MI), the Court reduced the Defendant's sentence to time served and increased the defendant's supervised release accordingly and included home confinement. The case in question involved COVID related compassionate release, but at the root of the defendant's argument before that court was the inability of FCI Morgantown to protect a medically vulnerable inmate, which is precisely what has proven to be the case with Defendant Merlo in respect to his incarceration at FCI Sheridan Camp.

## EMERGENCY ORDER FOR MEDICAL TREATMENT

The Defendant asks the Court to issue an Emergency Order for Medical Treatment should a modification of the term of sentence be denied. The Defendant has exhausted all possible Administrative Remedies available to him with no further recourse through the Bureau of Prisons. It is important to note that FCI Sheridan has yet to apply the Defendant's FSA Time Credit that when applied, will lead to his immediate release. Therefore, there are no remedies available to the Defendant that could possibly be completed within either a reasonable amount of time or prior to his appropriate release date. Without an order from this Court, the Defendant feels that he will have no access to medication or treatment.

## ORDER REQUIRING A REVIEW OF THE DEFENDANT'S MEDICAL TREATMENT BY BUREAU OF PRISONS OFFICIALS

The Defendant is aware that the request for an Emergency Order is "an extraordinary remedy that may only be awarded upon a clear showing that (he) is entitled to such relief" See Winter v. Natural Res. Def Council, Inc. 555 U.S. 7, 22, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). Although the Defendant feels that his right to such relief is clear and unequivocal based on his lack of treatment, the Defendant understands that this is a decision for this Honorable Court which may not agree. Should that be the case, the Defendant asks the Court to consider the denial of such a motion in Lockwood v. Smith (2022 U.S. Dist. LEXIS 272317, Case No. 22-3027-SAC, Feb. 2022). In Lockwood, while the court denied the motion, Honorable Judge Sam A. Crow ordered the defendants to "undertake a review of the matter" which included:

a) To ascertain the facts and circumstances;
b) To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and
c) To determine whether other pending like complaints, whether pending in this Court or elsewhere, are related to the Complaint and should be considered together.

ATTACHMENT "A"  3 of 3

d) The Order also includes a requirement for a written report to be submitted to the Court within 20 days.

The Defendant asks this Honorable Court to adopt the required review Order issued by Honorable Judge Crow should the Court see fit to deny the other aspects of the Defendant's requests in this Motion.

Respectfully Submitted,

Dated: September 22, 2022
Sheridan, Oregon

S/ _____
Steven Charles Merlo Reg. No. 75825-112
FCI Sheridan Camp
P.O. Box 6000
Sheridan, Oregon 97378

## CERTIFICATE OF SERVICE

I, Steven Charles Merlo, hereby certify that I served a true and correct copy of this Defendant's Motion for Modification of Terms of Sentence Related to Confinement and Emergency Order for Medical Treatment on the United States Attorney by placing a true and correct copy in the United States mail addressed:

United States Attorney's Office

_____
_____

Dated: September 22, 2022
Sheridan, Oregon

S/ _____
Steven Charles Merlo Reg. No.: 75825-112
FCI Sheridan Camp
P.O. Box 6000
Sheridan, Oregon 97378

**ATTACHMENT "B" 1 of 2**



## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| vs. | § |
| | § CRIMINAL ACTION NO.: 3:17-0640-MGL-6 |
| STEVEN MERLO, | § |
| Defendant. | § |

---

## MEMORANDUM OPINION AND ORDER
## DISMISSING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR
## MODIFICATION OF SENTENCE, DENYING MOTION FOR EMERGENCY ORDER,
## AND DENYING MOTION FOR REVIEW

---

Pending before the Court are Defendant Steven Merlo's (Merlo) pro se motion to modify his sentence, motion for an emergency order for medical treatment, and motion for an order requiring review of medical treatment provided by the Bureau of Prisons (BOP). Having carefully considered the motions, the record, and the applicable law, it is the judgment of the Court Merlo's motions will be denied.

First, Merlo asks the Court to modify his sentence to allow him to serve it in home confinement. The Court may modify a term of imprisonment upon motion of the defendant only after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"    18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (the First Step Act).

## ATTACHMENT "B" 2 of 2

Upon review of Merlo's motion for modification of his sentence, appears he has failed to bring a request to the warden of his facility as required. The Court will thus refrain from entertaining his motion and will dismiss the motion without prejudice.

Second, the Court notes that a civil action under 42 U.S.C. § 1983 appears to be the appropriate vehicle to challenge his prison conditions. *See* 42 U.S.C. § 1997e (setting forth rules for suits by prisoners, including that a prisoner must first exhaust administrative remedies, including prison grievance procedures). Accordingly, the Court will also deny Merlo's motion for an emergency order for medical treatment and motion for an order requiring review of his medical treatment.

Therefore, based on the foregoing discussion and analysis, it is the judgment of the Court Merlo's motion for modification of sentence, ECF No. 938, is **DISMISSED WITHOUT PREJUDICE**; and his motion for an emergency order for medical treatment and motion for an order requiring review of medical treatment provided by the Bureau of Prisons BOP are **DENIED**.

**IT IS SO ORDERED**.

Signed this 18th day of October 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

2

District of Oregon
Corresponds to AO 242    Case 3:23-cv-00304-AR    Document 1    Filed 03/01/23    Page 12 of 22
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241
(Rev. 6/19)                    ATTACHMENT "C"  1 of 10                    Page 2 of 10

# UNITED STATES DISTRICT COURT

## District of Oregon

Steven Merlo

_____
Petitioner

v.

Case No. _____
(to be assigned by the Clerk of Court)

DeWayne Hendrix
_____
Respondent
(name of warden or authorized person having custody of petitioner)

)
)
)
)
)
)
)
)
)
)
)
)

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name:    Steven Merlo

    (b) Other names you have used: _____

2.  Place of confinement:

    (a) Name of institution:    FCI Sheridan Camp

    (b) Address:    P.O.Box 6000

    Sheridan,Oregon 97378

    (c) Your identification ("SID") number:    75825-112

3.  Are you currently being held on orders by:

    ☒ Federal authorities    ☐ State authorities    ☐ Other - explain:

4.  Indicate that you are currently:

    ☐ A pretrial detainee (waiting for trial on criminal charges)

    ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

    If you are currently serving a sentence, provide:

      (a) Name and location of the court that sentenced you:  United States District Court
      District of South Carolina

      (b) Docket number of criminal case:    3:17-640-006-MGL

      (c) Date of sentencing:    January 6,2022

    ☐ Being held on an immigration charge

    ☐ Other (explain): _____

    _____

    _____

District of Oregon
Corresponds to AO 242
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241
(Rev. 6/19)

Case 3:23-cv-00304-AR    Document 1    Filed 03/01/23    Page 13 of 22

**ATTACHMENT "C" 2 of 10**

Page 3 of 10

## Decision or Action You Are Challenging

5.    Indicate what you are challenging in this petition:

☒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☐ Pretrial detention

☐ Immigration detention

☐ Detainer

☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☐ Disciplinary proceedings

☐ Other *(explain)*: _____

_____

_____

6.    Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court:   FCI Sheridan Health Services, FCI Sheridan Camp, Sheridan, Oregon

(b) Docket number, case number, or opinion number:    Not applicable

(c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

Refusal to provide medical treatment to the Petitioner

_____

_____

(d) Date of the decision or action:   November 1, 2022

## Your Earlier Challenges of the Decision or Action

7.    **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☐ Yes          ☒ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: _____

_____

(2) Date of filing: _____

(3) Docket number, case number, or opinion number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

District of Oregon Case 3:23-cv-00304-AR    Document 1    Filed 03/01/23    Page 14 of 22
Corresponds to AO 242
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241
(Rev. 6/19)                          ATTACHMENT "C"  3 of 10                          Page 4 of 10

(b) If you answered "No," explain why you did not appeal:   The Petitioner is in emergent need of medical attention and does not have the time to wait for the Bureau of Prison's to process administrative remedies and hope that he does not XXXXXXXXXXX   die waiting for the process to be completed.

8.   **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☐ Yes                    ☒ No

(a) If "Yes," provide:

   (1) Name of the authority, agency, or court: _____

   (2) Date of filing: _____

   (3) Docket number, case number, or opinion number: _____

   (4) Result: _____

   (5) Date of result: _____

   (6) Issues raised: _____

(b) If you answered "No," explain why you did not file a second appeal: _____

9.   **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes                    ☒ No

(a) If "Yes," provide:

   (1) Name of the authority, agency, or court: _____

   (2) Date of filing: _____

   (3) Docket number, case number, or opinion number: _____

   (4) Result: _____

   (5) Date of result: _____

   (6) Issues raised: _____

District of Oregon
Corresponds to AO 242 Case 3:23-cv-00304-AR    Document 1    Filed 03/01/23    Page 15 of 22
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241
(Rev. 6/19)                                                                    Page 5 of 10

## ATTACHMENT "C" 4 of 10

(b) If you answered "No," explain why you did not file a third appeal: _____

_____

10.    **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes          ☒ No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes ·        ☐ No

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

(b)    Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes          ☐ No

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

District of Oregon
Corresponds to AO 242  Case 3:23-cv-00304-AR    Document 1    Filed 03/01/23    Page 16 of 22
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241
(Rev. 6/19)                                                                                    Page 6 of 10

(c)  Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____

_____

_____

_____

_____

_____

11.  **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes            ☒ No

If "Yes," provide:

(a)  Date you were taken into immigration custody: _____

(b)  Date of the removal or reinstatement order: _____

(c)  Did you file an appeal with the Board of Immigration Appeals?

☐ Yes            ☐ No

If "Yes," provide:

(1) Date of filing: _____

(2) Case number: _____

(3) Result: _____

(4) Date of result: _____

(5) Issues raised: _____

_____

_____

_____

_____

(d)  Did you appeal the decision to the United States Court of Appeals?

☐ Yes            ☐ No

If "Yes," provide:

(1) Name of court: _____

(2) Date of filing: _____

(3) Case number: _____

District of Oregon
Corresponds to AO 242
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241
(Rev. 6/19)

Case 3:23-cv-00304-AR    Document 1    Filed 03/01/23    Page 17 of 22

Page 7 of 10

ATTACHMENT "C" 6 of 10

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

_____

_____

12.    **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes        ☒ No

If "Yes," provide:

(a) Kind of petition, motion, or application: _____

(b) Name of the authority, agency, or court: _____

_____

(c) Date of filing: _____

(d) Docket number, case number, or opinion number: _____

(e) Result: _____

(f) Date of result: _____

(g) Issues raised: _____

_____

_____

_____

_____

_____

_____

### Grounds for Your Challenge in This Petition

13.    State every ground that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:**    The Petitioner has been denied medical treatment that he desperately needs.

_____

_____

District of Oregon
Corresponds to AO 242

Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241
(Rev. 6/19)

Case 3:23-cv-00304-AR    Document 1    Filed 03/01/23    Page 18 of 22

Page 8 of 10

ATTACHMENT "C" 7 of 10

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

The Petitioner self-surrendered to the Bureau of Prisons on May 3, 2022, needed extensive medical treatment (see Attached A "Steven Merlo's Current Medical Status..." submitted to the United States District Court in South Carolina) and weighing 386 pounds. Since arrival at FCI Sheridan, the Petitioner has no had no less than 12 gout attacks and went into AFIB in September 2022. The Petitioner has visited FCI Sheridan Health Services more than 50 times overall

(b) Did you present Ground One in all appeals that were available to you?    ****CONTINUED***

☒ Yes          ☐ No

**GROUND TWO:** _____

_____

_____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_____

_____

_____

_____

_____

_____

(b) Did you present Ground Two in all appeals that were available to you?

☐ Yes          ☐ No

**GROUND THREE:** _____

_____

_____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_____

_____

_____

_____

_____

(b) Did you present Ground Three in all appeals that were available to you?

☐ Yes          ☐ No

GROUND ONE SUPPORTING FACTS CONTINUED

without receiving any medical treatment. In October, the Petitioner was seen by BOP cardiologist Dr.Speer who told the Petitioner that he should be sent home via the CARES Act, but at the least be sent out for further evaluation and testing. Neither of which has taken place.

In October 2022,the Petitioner sought relief from his sentencing judge by filing a motion seeking an emergency order for medical treatment and/or a review of FCI Sheridan's Health Services (see Attached B). The Court determined that it lacked jurisdiction and referred the Petitioner to a civil action. As it is not the Petitioner's intention to seek monetary damages, the Petitioner feels that a 2241 filing is more appropriate than a 1983, hence this filing.

The Petitioner has inexplicably lost 107 pounds, can no longer walk and must use a wheelchair.The Petitioner is in constant pain and needs medical attention.

District of Oregon
Corresponds to AO 242
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241
(Rev. 6/19)

Case 3:23-cv-00304-AR    Document 1    Filed 03/01/23    Page 20 of 22

ATTACHMENT "C" 9 of 10

Page 9 of 10

**GROUND FOUR:** _____

_____

_____

_____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_____

_____

_____

_____

_____

_____

(b) Did you present Ground Four in all appeals that were available to you?

☐ Yes                ☐ No

14.    If there are any grounds that you did not present in all appeals that were available to you, explain why you did
       not: _____

_____

_____

_____

**Request for Relief**

15.    State what you want the Court to do:    Issue an Emergency Order requiring the Respondent
to provide medical treatment to the Petitioner.

_____

_____

District of Oregon
Corresponds to AO-242    Case 3:23-cv-00304-AR    Document 1    Filed 03/01/23    Page 21 of 22
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241
(Rev. 6/19)                                                                    Page 10 of 10

ATTACHMENT "C" 10 of 10

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:*

November 2, 2022

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date:    November 2, 2022

_____
Signature of Petitioner

_____
Signature of Attorney or other authorized person, if any

* As noted in the instructions to this form (at #6), if you are incarcerated at Snake River Correctional Institution, you must comply with the requirements of the E-Filing Program posted at the institution and set forth in Standing Order 2019-7. Accordingly, you must submit your filings in this case to Snake River Correctional Institution staff for scanning and electronic submission, instead of mailing the filing using the U.S. Postal Service. Please indicate the date you submitted this petition to Snake River Correctional Institution staff for scanning and electronic submission, if you are incarcerated there.



n Merlo Reg No. 75825-112
& FCI Sheridan Camp
Box 6000
rdan, OR  97378

RDC 21    97204

U.S. POSTAGE PAID
FCM LG ENV
SHERIDAN, OR
97378
FEB 27, 23
AMOUNT
$0.00
R2304M115782-8

United States District Court
1000 SW Third Avenue RM 740
Portland, Oregon 97378
           97204